USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 13, 2011

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
    -against-                       :    No. 10 Cr. 191 (JFK)
                                    :
ROBERT EGAN and BERNARD MCGARRY,    :    **ORDER**
                                    :
              Defendants.           :
------------------------------------X
Bank of America, N.A., et al.,      :
                                    :
              Claimants,            :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    This ancillary proceeding concerns competing claims to $19,288,702.72 in United States currency (the "Seized Currency") seized from vaults owned by Mount Vernon Money Center during the investigation of a fraud perpetrated by defendants Robert Egan and Bernard McGarry. On August 2, 2011, the Court denied the Government's motion to dismiss the petitions that had been filed at that time. See United States v. Egan, --- F. Supp. 2d ----, 2011 WL 3370392, at *8-10 (S.D.N.Y. Aug. 2, 2011). At the Government's request, the Court agreed to extend "the time period for filing a petition for those potential claimants who wish to assert an interest in the Seized Currency . . . up to and including September 26, 2011." (Order Extending Time Period to File Petitions 5, Aug. 31, 2011, ECF No. 199.)

    In addition to the ten petitions that were the subject of the Government's motion to dismiss, twenty-six petitions have been filed in this ancillary proceeding since August 31, 2011. Of

-1-

these, sixteen petitions were filed within the time allowed.  These were the petitions of: (1) CUMIS Insurance Society, Inc.; (2) C-Town Supermarket, Inc.; (3) ALPS Management, Inc.; (4) New York City Health and Hospitals Corporation; (5) Actors Federal Credit Union; (6) ADP Federal Credit Union; (7) Bush Capital LLC; (8) Village of Elmsford, New York; (9) Amalgamated Life Insurance Company; (10) Capital One, N.A.; (11) Smithfield Associates LLC and Windy Gates, SOHO, Inc.; (12) U.S. Courthouse SDNY Federal Credit Union; (13) NorthEast Alliance Federal Credit Union; (14) the Trustees of Columbia University in the City of New York; (15) Dominos Pizza and Tony Maestri; and (16) Denburg Pizza and James Denburg.

In addition, seven petitions were served on the Government or the Court prior to the deadline on September 26, but were rejected for filing by the Court's Electronic Case Filing system or by the Clerk of Court for technical reasons.  These were the petitions of: (1) Sultana Distribution Services, Inc.; (2) Metro-North Commuter Railroad Company; (3) New York University; (4) Greater Metro Federal Credit Union; (5) Golden Krust Caribbean Bakery & Grill; (6) New York Community Bank; and (7) National ATM Services, Inc. and Town ATM Corp.  The Court accepts these petitions <u>nunc pro tunc</u> because the claimants who brought these petitions informed the Government and the Court of the substance of their claims prior to the expiration of the September 26 deadline.

The petition of Four M Food Service of Atlantic Terminal LLC, Four M Food Service of New Rochelle, and Four M Food Service of West Nyack, LLC (the "Four M Entities") was served on the Government and the Court on September 23, but not filed at that time because a motion for the admission of the Four M Entities' counsel pro hac vice is pending. Because the Four M Entities timely notified the Government and the Court of their claims, the Court will accept the Four M Entities' petition nunc pro tunc.

Though the Court will accept all of the petitions discussed above, the Court will not accept two petitions filed after the September 26 deadline because they were filed past the deadline without an adequate excuse. These petitions were filed by Money Cash ATM Corp. ("Money Cash ATM"), and Known Litigation Holdings, LLC ("Known Litigation"), which is the assignee of the claims of Domestic Bank. Money Cash ATM has provided no excuse for its late filing, and the excuse offered by Known Litigation is inadequate.

Known Litigation requested permission to file its petition late by a letter from its counsel, Garfunkel Wild, P.C., dated October 6, 2011. The letter states that a notice from the Government informing Known Litigation that the Court would permit the filing of additional petitions was received by Garfunkel Wild, P.C. on October 6 after being misdirected. However, neither Known Litigation nor its counsel has indicated that they were unaware of these ancillary proceedings or that they actually lacked notice of the September 26 filing deadline. Known Litigation now attempts to

assert that Domestic Bank was the actual owner of $3,324,520 of the Seized Funds, but it failed to assert this claim within the period of time originally allowed for the filing of petitions, and again failed to assert its claim in the time allowed by the extension granted on August 31, 2011. Though the Government may have been aware of Known Litigation's claimed loss as a result of Egan and McGarry's fraud, the assertion of an ownership interest in the Seized Currency is an entirely different claim.

A total of thirty-four petitions are pending in this ancillary proceeding. Although the pending petitions may be amended as discussed at the conference held on October 4, 2011, no additional petitions will be accepted.

**SO ORDERED.**

Dated:   New York, New York
         October 13, 2011

*John F. Keenan*
JOHN F. KEENAN
United States District Judge