```
UNITED STATES DISTRICT COURT                  USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                 DOCUMENT
-----------------------------------X          ELECTRONICALLY FILED
UNITED STATES OF AMERICA           :          DOC #: _____
                                   :          DATE FILED:  12/15/2011
     -against-                     :
                                   :
ROBERT EGAN and BERNARD McGARRY,   :          No. 10 Cr. 191 (JFK)
                                   :
               Defendants.         :          MEMORANDUM OPINION
-----------------------------------X                AND ORDER
CARVER FEDERAL SAVINGS BANK and    :
KNOWN LITIGATION HOLDINGS, LLC,    :
                                   :
               Claimants.          :
-----------------------------------:
```

**JOHN F. KEENAN, United States District Judge:**

This ancillary proceeding concerns competing claims to $19,288,702.72 (the "Seized Funds") seized from the vaults of the Mount Vernon Money Center ("MVMC") in the course of the Government's investigation of a fraud perpetrated by MVMC executives Robert Egan and Bernard McGarry. Of forty-one petitions submitted in this ancillary proceeding, three have been settled and three have been rejected as untimely. Before the Court are requests from Carver Federal Savings Bank ("Carver") and Known Litigation Holdings, LLC ("Known Litigation"), two claimants whose petitions the Court has rejected as untimely, for leave to appeal presently rather than at the termination of this ancillary proceeding. For the reasons discussed below, these requests are granted.

## I. Background

On September 15, 2010, the Court entered a preliminary forfeiture order with respect to the Seized Funds taken from the vaults of MVMC. Over the next few months, eleven petitions for the return of portions of the Seized Funds were filed pursuant to 21 U.S.C. § 853(n). The Government settled three of these petitions, and moved to dismiss the remaining petitions pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure. While the Government's motion to dismiss was pending, two additional claimants requested--and were granted-- leave to file petitions to recover portions of the Seized Funds.

On August 2, 2011, the Court denied the Government's motion to dismiss and ruled that dismissal was unwarranted because each petition alleged an ownership interest in a portion of the Seized Funds. United States v. Egan, --- F. Supp. 2d ----, 2011 WL 3370392, at *7 (S.D.N.Y. Aug. 2, 2011). The Court noted that "as a matter of federal law, only one claiming an interest in the specific property--the res--that is the subject of a preliminary forfeiture order has standing to bring a claim." Id. (citing DSI Assocs. LLC v. United States, 496 F.3d 175, 184 (2d Cir. 2007)). The Government failed to show that the claimants were mere general creditors who could not state a claim for the return of some specific portion of the Seized Funds. See DSI Assocs., 496 F.3d at 184.

At the Government's request, the Court permitted any additional claimants to file petitions on or before September 26, 2011. Between September 16 and September 26, the Court and the Government received twenty-five additional petitions, which were accepted for filing. The Court also received petitions from Money Cash ATM Corp. (on September 30), Known Litigation (on October 6), and Carver (on October 31). In two orders, dated October 13 and November 18, the Court dismissed as untimely these three petitions, which were neither filed with the Court nor served on the Government prior to September 27.

Known Litigation filed a notice of appeal on November 10, and Carver filed a notice of appeal on November 30. However, at a conference held on December 2, the Government stated that those appeals are premature under the Federal Rules of Criminal Procedure because not all of the petitions have been resolved. Both Carver and Known Litigation made oral applications for permission to pursue an appeal prior to the final disposition of this ancillary proceeding. The Court declined to rule on these oral applications and directed Known Litigation and Carver to submit letter applications for leave to appeal, which the Court received from both Known Litigation and Carver on December 6.

## II. Discussion

Under Rule 32.2(c)(3) of the Federal Rules of Criminal Procedure, an appeal may not be taken from an order dismissing

or granting a petition in an ancillary proceeding involving multiple petitions "until rulings are made on all the petitions, unless the court determines that there is no just reason for delay." The phrase "no just reason for delay" can be defined by comparison to Rule 54(b) of the Federal Rules of Civil Procedure. See Fed. R. Crim. P. 32.2 (advisory committee's note); see also In re Bryson, 406 F.3d 284, 287 (9th Cir. 2005); United States v. Hodges, 404 F.3d 354, 354 (5th Cir. 2005). An exception to "[t]he historic rule in the federal courts [which] has always prohibited piecemeal disposal of litigation and permitted appeals only from final judgments except in those special instances covered by statute," Rule 54(b) permits a district court to enter final judgment with respect to one claim or party in a case involving multiple claims or parties, but district courts in the Second Circuit are required to exercise the power vested by Rule 54(b) sparingly. Fed. R. Civ. P. 54 advisory committee's note; Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 629 (2d Cir. 1991).

A district court may properly find that there is "no just reason for delay" for the entry of final judgment under Rule 54(b) where appellate review would serve the interests of sound judicial administration and efficiency or would prevent "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Harriscom Svenska AB, 947 F.2d

at 629 (citations and quotations omitted).  By contrast, an appeal pursuant to Rule 54(b) is not appropriate where "the same or closely related issues remain to be litigated." Id. (quoting Nat'l Bank of Wash. v. Dolgov, 853 F.2d 57, 58 (2d Cir. 1988) (per curiam)).  In determining whether to permit an appeal pursuant to Rule 54(b), a district court "must take account of both the policy against piecemeal appeals and the equities between or among the parties." Novick v. AXA Network, LLC, 642 F.3d 304, 310 (2d Cir. 2011).

Applying Second Circuit precedent regarding entry of final judgment under Rule 54(b) to the instant requests for leave to appeal pursuant to Rule 32.2(c)(3), the Court determines that there is "no just reason for delay" of an appeal of this Court's October 13 and November 18 orders dismissing Carver's and Known Litigation's petitions.  First, to the extent the Court has denied Carver's and Known Litigation's claims to any portion of the Seized Funds at issue in the pending ancillary forfeiture proceeding, the orders appealed from dispose of these petitions entirely.  Second, these orders dismissed these petitions as untimely, and timeliness is not at issue for the other thirty-five petitions involved in this ancillary proceeding.  Finally, the resolution of all claims to the Seized Funds may be delayed during the pendency of Carter's and Known Litigation's appeals, because Carter and Known Litigation will not be permitted to

participate in an ancillary hearing or settlement discussions unless their claims are reinstated by the Second Circuit. Therefore, to permit Carter and Known Litigation to pursue appeals presently will hasten the final disposition of this ancillary proceeding, which is in the best interests of both the Government and all claimants. For all of these reasons, an exception to the traditional rule disfavoring appeal prior to the entry of final judgment is warranted under Rule 32.2(c)(3) and by the equities of this case.

### III. Conclusion

For the reasons stated above, and with no objection from the Government, the Court determines that there is no just reason for delay of the appeals of this Court's orders dismissing the petitions filed by Carver and Known Litigation.

The applications contained in the attached letters, both dated December 6, 2011, are GRANTED.

**SO ORDERED.**

Dated:   New York, New York
         December 15, 2011

*/s/ John F. Keenan*
_____
JOHN F. KEENAN
United States District Judge

# GARFUNKEL WILD, P.C.
### ATTORNEYS AT LAW

111 GREAT NECK ROAD • GREAT NECK, NEW YORK 11021
TEL (516) 393-2200 • FAX (516) 466-5964
www.garfunkelwild.com

KEVIN G. DONOGHUE
Partner
Email: kdonoghue@garfunkelwild.com
Direct Dial: (516) 393-2535

FILE NO.: 12811.0005

December 6, 2011

**By Facsimile**

The Honorable John F. Keenan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007



Re: United States of America v. Egan *et al.*
10 Cr. 191 (JFK)

Dear Judge Keenan:

We are counsel to Known Litigation Holdings, LLC ("KLH") as assignee of the claims of Domestic Bank. We write in line with the Court's directives at the December 2, 2011 status conference.

In particular, we write with respect to the Court's Order, dated October 13, 2011 (the "October 13th Order"), relative to the claims filed against certain seized currency (the "Seized Currency") of Mount Vernon Money Center ("MVMC"), including the claim of KLH. We respectfully request, for the reasons set forth below, that the Court certify for appeal, those portions of the October 13th Order which rejected the petition filed by KLH asserting an interest in the Seized Currency. The government, by A.U.S.A. David Miller, has advised that it does not object to KLH's present application.

By way of background, on October 6, 2011, KLH filed a petition (the "Petition") seeking an ancillary hearing pursuant to 21 U.S.C. § 853(n) and a determination on KLH's interest in the Seized Currency, pursuant to a Consent Order of Forfeiture as to Specific Property (the "Forfeiture Order"), entered by this Court on September 15, 2010. Prior to the filing of the Petition, and unbeknownst to KLH, an Order had been entered by the Court which directed all potential claimants who wished to assert an interest in the Seized Currency under the Forfeiture Order to assert such interest on or before September 26, 2011 (the "Filing Deadline"). As a result of the KLH Petition having been filed after the Filing Deadline, as part of its October 13th Order, the Court denied the KLH Petition as being untimely.

Subsequently, on November 10, 2011, KLH filed with the Second Circuit a Notice of Appeal (the "Appeal") with respect to the October 13th Order. The Appeal is currently scheduled to be perfected by February 9, 2012. However, it has since been brought to the attention of KLH

---

NEW YORK        NEW JERSEY        CONNECTICUT

1972786v.10

The Honorable John F. Keenan
December 6, 2011
Page 2

by Mr. Miller that in light of Rule 32.2(c)(3), the Appeal may not yet be ripe for consideration by the Second Circuit. Specifically, Rule 32.2(c)(3) provides:

> Multiple Petitions. If multiple third-party petitions are filed in the same case, an order dismissing or granting one petition is not appealable until rulings are made on all the petitions, unless the court determines that there is no just reason for delay. Fed. R. Crim. P. 32.2 (c)(3).

Given that rulings have not yet been made on all petitions, Mr. Miller advised that the government's position is that the Appeal is presently premature and that, accordingly, the Second Circuit arguably does not yet have jurisdiction to hear it. We addressed with Your Honor this issue, the flexibility offered by the language of 32.2(c)(3), and the fact that there does not appear to be any reason to delay the appeal during the December 2nd status conference.

In this case, there is "no just reason for delay" of the KLH Appeal. Accordingly, it is requested that this Court grant KLH certification for its Appeal, *nunc pro tunc* to November 10, 2011, the date of the filing of the Appeal.

If the Appeal is now certified, it can continue on a parallel track with the resolution of the petitions in the remaining ancillary proceedings. Thus, a determination as to whether KLH's claim can be entertained in these proceedings, and if so the amount of the claim, will occur sooner and prevent any delay in the distribution of the Seized Currency to other petitioners.[1]

However, if KLH is forced to wait to pursue its Appeal until all of the other ancillary proceedings filed in this case have been resolved, the final distributions to the various petitioners may be significantly delayed because, under Fed. R. Crim. P. 32.2(c)(3), KLH's Appeal would commence only after all pending petitions are resolved either through settlement or a trial on the merits. That assumes that Your Honor withholds final distribution of all of the Seized Currency until the conclusion of KLH's Appeal because, as discussed during last week's appearance before Your Honor, the distribution of the Seized Currency prior to the resolution of KLH's Appeal would effectively render moot both KLH's appeal rights and (if successful on appeal) its right to partake in any distribution of the Seized Currency.

As mentioned above, the Appeal is currently scheduled to be perfected by February 9, 2012. If Your Honor now certifies the Appeal and KLH proceeds with the Appeal as KLH initially contemplated when it filed the Appeal, it is likely that a decision on the Appeal (and then a decision on KLH's claim) could be issued with minimal disruption, if any, to these proceedings. On the other hand, a strict adherence to the provisions of Rule 32.3 (3)(c), will

---

[1] Alternatively, as we mentioned in Court on December 2, 2011, KLH could now withdraw its pending appeal and then make an application for leave to appeal on the basis that, *inter alia*, there is no just reason for a delay in the appeal going forward. Given that KLH already has a pending appeal, Your Honor generally questioned the wisdom of this approach and directed KLH and the Government to submit this letter application on this issue.

GARFUNKEL WILD, P.C.

1972786v.10

respectfully do no more than elevate form over substance, and lead to a delay in these proceedings to the detriment of all parties concerned.

A certification of the Appeal will also promote efficiency and economy by ensuring a prompt and timely resolution of this matter. Furthermore, certification of the Appeal will likely result in a substantial saving of judicial resources by allowing KLH to continue the pending Appeal which it will otherwise be forced to withdraw for the sole purpose of re-filing in a matter of a few weeks, after making a new motion to Your Honor for the leave to appeal. Further, a *nunc pro tunc* certification of the Appeal will not prejudice any other parties to these proceedings.

Based upon all of the foregoing, it is respectfully requested that KLH's request for certification of its Appeal, *nunc pro tunc*, to the date of filing of the Appeal be granted.

Again, the Government has advised that it does not object to KLH's request for certification of the Appeal.

In accordance with Section F of Your Honor's Individual Practice Rules, a draft Order has been enclosed to promote the rapid disposition of this request.

Thank you for your consideration in this matter.

Respectfully submitted,

Kevin G. Donoghue

cc: David Miller, Esq.

GARFUNKEL WILD, P.C.

1972786v.10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 10-cr-191-JFK |
| ) | |
| -against- ) | |
| ) | |
| ROBERT EGAN AND BERNARD MCGARRY, ) | |
| ) | |
| Defendants ) | |
| ) | |
| ) | |
| -and- ) | |
| ) | |
| BANK OF AMERICA, N.A., *et al.*, ) | |
| ) | |
| Claimants, ) | |

## ORDER ON REQUEST FOR CERTIFICATION TO APPEAL

Petitioner, Known Litigation Holdings, LLC ("KLH"), having filed an application pursuant to, inter alia, the provisions of Fed. R. Crim. P. 32.2 (c)(3) and 28 U.S.C. § 1292(b) requesting certification for its appeal (the "Appeal"), filed with the United States Court of Appeals for the Second Circuit (the "Second Circuit") on November 10, 2011, *nunc pro tunc* to the date of the filing of the Appeal; and the Court having determined that there is no just reason for delay and it is in the best interest of all parties concerned to certify the Appeal at this time; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that KLH's request for certification to appeal from the Southern District of New York to the Second Circuit is hereby GRANTED, *nunc pro tunc* to November 10, 2011 pursuant to the provisions of Fed. R. Crim. P. 32.2 (c)(3) and 28 U.S.C. § 1292(b), and such

1974292v.3

other laws as may be applicable herein, on the basis that there is no just reason for delay.

DATED: _____, 2011.

                                                                  JOHN F. KEENAN
                                                                  **UNITED STATES DISTRICT JUDGE**

1974292v.3

# PATTISON
# & FLANNERY

ATTORNEYS AT LAW

427 BEDFORD ROAD, SUITE 180
PLEASANTVILLE, NY 10570
TEL: (914) 220-0038
FAX: (914) 220-0039
WEB: www.patflan.com

**VIA FACSIMILE & MAIL**
December 6, 2011

Honorable John F. Keenan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312



RECEIVED
DEC -6 2011
JUDGE KEENAN'S CHAMBERS

    Re:    United States of America v. Robert Egan, et al.
and Carver Federal Savings Bank, Claimant
Index Number 10 Cr. 191 (JFK)
Our File No.: S0765

Dear Judge Keenan:

    As you know, this firm represents Carver Federal Savings Bank (hereinafter "Carver"), a former customer of Mount Vernon Money Center (hereinafter "MVMC"), in the above referenced matter. On November 30, 2011, Carver filed its Notice of Appeal with respect to your order of November 18, 2011 denying Carver's request for permission to file a petition, *nunc pro tunc*, in the instant ancillary proceeding concerning the currency seized from vaults maintained by MVMC.

    During the December 2, 2011 hearing in this matter, Assistant United States Attorney David Miller raised Federal Rule of Criminal Procedure 32.2(c)(3), which states that "if multiple third-party petitions are filed in the same case, an order dismissing or granting one petition is not appealable until rulings are made on all the petitions, unless the court determines that there is no just reason for delay." This provision appears applicable to the issue at bar, as Carver and another third-party claimant, Known Litigation Holdings, LLC, have filed notices of appeal of rulings in the ancillary proceeding while numerous petitions remain pending before this Court. We respectfully request, however, that you find just reason to delay the ancillary proceeding in order to permit Carver's appeal to go forward at this time. The failure to so find will undoubtedly cause additional delay, affecting all of the litigants claiming rights to the seized currency.

All of the parties to this action desire a final determination of each claimant's rights with respect to the $19,288,702.72 seized from MVMC's vaults. Without a final determination of whether the parties initiating appeals (Carver and Known Litigation) are entitled to a share of the seized funds, the Court cannot determine with finality the amount to which each claimant is entitled. Even if the Court delays Carver's appeal while it makes its rulings with respect to each of the claimants whose petitions have been accepted, the Court will not be able to fully and finally distribute the seized funds without first permitting the outstanding appeals to go forward. As such, Carver respectfully requests that this Court hold that its order of November 18, 2011 represents a final order ripe for appeal to the Court of Appeals for the Second Circuit at this time.

Thank you for your courtesy and consideration. Please do not hesitate to contact my office if you require any additional information.

Respectfully submitted,
PATTISON & FLANNERY

By: _____
Thomas R. Pattison

DAR/pjm

cc: David Miller, Esq.
    Assistant United States Attorney
    S.D.N.Y. United States Attorney's Office
    One St. Andrew's Plaza
    New York, New York 10007