USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/07/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :    STIPULATION AND ORDER
                                    :
       -v.-                         :    10 Cr. 191 (JFK)
                                    :
ROBERT EGAN,                        :
                                    :    FEB -2 2012
            Defendant.              :
                                    :
- - - - - - - - - - - - - - - - - - x

       WHEREAS, on or about March 10, 2010, ROBERT EGAN (the "Defendant"), was charged in a seven-count Indictment, 10 Cr. 191 (JFK) (the "Indictment"), with participating in a conspiracy to commit bank fraud and wire fraud, in violation 18 U.S.C. § 1349 (Count One), and bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Counts Two through Seven);

       WHEREAS, the Indictment included a forfeiture allegation providing notice that the Government is seeking forfeiture to the United States, pursuant to 18 U.S.C. § 982, of any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses alleged in Counts One through Seven of the Indictment, including but not limited to at least $75,000,000 in United States currency, in that such sum in aggregate is property representing the approximate amount of proceeds obtained as a result of the bank fraud and wire fraud offenses, for which the Defendant and his co-defendant are jointly and severally liable;

WHEREAS, on or about April 13, 2010, the Government filed a Forfeiture Bill of Particulars (the "Bill of Particulars-1") providing notice that the property subject to forfeiture as a result of the offenses described in Counts One through Seven of the Indictment, as alleged in the forfeiture and substitute assets allegations, includes but is not limited to the following:

    a. approximately $19,288,702.72 in United States currency, seized on or about February 11, 2010 and February 12, 2010, from Mount Vernon Money Center locations at 44 N. Saw River Road, Elmsford, NY and 403 East 3rd Street, Mount Vernon, NY (the "Seized Currency");

    b. the real property and appurtenances, with all improvements and attachments thereon, located at 16 Guard Hill Road, Bedford Corners, NY 10549 (the "16 Guard Hill Road Property");

    c. the real property and appurtenances, with all improvements and attachments thereon, located at 40 Guard Hill Road, Bedford Corners, NY 10549 (the "40 Guard Hill Road Property"); and

    d. the real properties and appurtenances, with all improvements and attachments thereon, located in the County of Columbia, New York and described in Schedule A of the Forfeiture Bill of Particulars, dated April 13, 2010 (collectively, the "Columbia County Properties");

WHEREAS, on or about April 16, 2010, the Government filed a Second Forfeiture Bill of Particulars (the "Bill of Particulars-2") providing notice that the property subject to forfeiture as a result of the offenses described in Counts One through Seven of the Indictment, as alleged in the forfeiture and

substitute assets allegations, includes but is not limited to the following:

    a. Account No. NK3-018929 held at Signature Securities in the name of Robert F. Egan (the "8929 Account");

    b. MVMM Corp. Employee 401(k) Retirement Plan, Case No. 451-70003, held in the name of Robert Egan, at Nationwide Trust Co. (the "0003 Account");

    c. College Investment Trust Contribution Account No. 01427180490, held in the name of Robert Egan at Signature Securities (the "0490 Account");

    d. CMA Account No. 852-18333, held in the name of Robert F. Egan, at Merrill Lynch (the "8333 Account");

    e. funds on deposit in Account No. 4061048403, held in the name of Iris M. Egan at JPMorgan Chase, N.A., up to and including $53,851.86 (the "8403 Account"); and

    f. all right, title and interest of Robert Egan in Integreon Managed Solutions, Inc., Integreon, Inc., and/or Integreon Discovery Solutions, Inc. and any amounts due by such entities to Robert Egan (collectively, the "Integreon Entities");

WHEREAS, on or about April 19, 2010, the Court entered a Post-Indictment Restraining Order pursuant to 18 U.S.C. §§ 982(a)(2) and (b)(1) and 21 U.S.C. § 853(e)(1)(A) (the "Restraining Order") restraining the following:

    a. 16 Guard Hill Road Property;

    b. 40 Guard Hill Road Property;

    c. 8929 Account;

    d. 0003 Account;

    e. 0490 Account;

  f. 8333 Account;

  g. 8403 Account; and

  h. Integreon Entities;

  WHEREAS, on or about September 15, 2010, the Defendant pled guilty to Counts One through Seven of the Indictment pursuant to a plea agreement, wherein the Defendant agreed to forfeit (1) a sum of money equal to not less than $70 million in United States currency, representing the amount of proceeds obtained as a result of the bank fraud and wire fraud offenses alleged in the Indictment, and (2) all right, title, and interest of the Defendant in the Seized Currency;

  WHEREAS, on or about September 15, 2010, the Court entered a Consent Order of Forfeiture as to Specific Property, which: (1) imposed a money judgment against the Defendant, in the amount of $70,000,000 in United States currency, representing the amount of proceeds obtained as a result of the offenses charged in Counts One through Seven of the Indictment, to which the Defendant pled guilty (the "Money Judgment"); and (2) ordered the forfeiture to the United States of all of the Defendant's right, title, and interest in the Seized Currency;

  WHEREAS, on or about December 14, 2010, the Court entered a Joint Application for Stipulation and Proposed Order for Modification of the Conditions of Release allowing for the sale of a parcel of real property located at Wire Road,

Livingston, Columbia County, New York (the "Wire Road Property"), wherein Iris Egan, the Defendant's wife, retained 35% of the net proceeds of the sale of the Wire Road Property, which consisted of $574,648.45 in United States currency, and the Government retained the remaining 65% of the net proceeds of the sale of the Wire Road Property, which consisted of $1,067,203.80 in United States currency (the Government's share referred to herein as the "Wire Road Proceeds");

WHEREAS, on or about August 18, 2011, the Court entered a Stipulation and Order for Release of Funds releasing $34,000.00 of the Wire Road Proceeds to Iris Egan, leaving $1,033,203.80 in United States currency from the sale of the Wire Road Property (the "Remaining Wire Road Proceeds");

WHEREAS, on or about August 29, 2011, the Court entered a Preliminary Order of Forfeiture as to Specific Property (the "Preliminary Order") forfeiting the Defendant's right, title, and interest in the 16 Guard Hill Road Property;

WHEREAS, on or about September 28, 2011, Iris Egan filed a Petition (the "Petition") asserting an interest in the 16 Guard Hill Road Property, the Remaining Wire Road Proceeds, and the Columbia County Properties;

WHEREAS, Chris Egan has represented to the United States Attorney's Office for the Southern District of New York

("USAO-SDNY") that he is the titled owner of the 40 Guard Hill Road Property;

WHEREAS, the USAO has reviewed the documents submitted by Chris Egan and based upon his representations has agreed to settle any and all claims and potential claims to the 40 Guard Hill Road Property;

WHEREAS, Iris Egan and the Government have agreed to settle the Petition;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney David I. Miller, of counsel, and Iris Egan, and Iris Egan's counsel, Daniel L. Zelenko, Esq. and Michael V. Blumenthal, Esq., and Chris Egan, and Chris Egan's counsel, Daniel L. Zelenko, Esq. and Michael V. Blumenthal, Esq., that:

1. $208,250.00 of the Remaining Wire Road Proceeds (the "Released Funds") shall be promptly released to Iris Egan by payment to Iris Egan in care of her attorney, Daniel L. Zelenko, Esq. and/or Michael V. Blumenthal, Esq., in accordance with the information Iris Egan's attorney shall provide to the United States Attorney's Office on Form USM-3881 (ACH Vendor/Miscellaneous Payment Enrollment Form) (Rev. 03/10).

2. The Restraining Order with respect to the 0490 Account and 8403 Account is hereby vacated and shall be

immediately released from any further restraint, and Iris Egan and Jenna Egan (the beneficial owner of the 0490 Account) shall have unfettered access to these accounts.

3. Iris Egan shall be allowed to continue to reside in the 16 Guard Hill Road Property at this juncture, but must vacate the 16 Guard Hill Road Property on or before March 31, 2012.

4. The foregoing payment to Iris Egan described in paragraph 1 and the release of restraint of the 0490 Account and 8403 Account shall be in full settlement and satisfaction of all claims and petitions by Iris Egan to the properties included in the Bill of Particulars-1 and Bill of Particulars-2.

5. Iris Egan hereby withdraws the Petition asserting an interest in the 16 Guard Hill Road Property, the Remaining Wire Road Proceeds, and the Columbia County Properties. Upon the Court's endorsement of this Stipulation and Order, said Petition is hereby deemed dismissed with prejudice, without costs and/or attorney's fees to either party.

6. Iris Egan is hereby barred from asserting, or assisting others in asserting, any claim against the Government, the Department of Justice ("DOJ"), the SDNY-USAO, the Federal Bureau of Investigations ("FBI"), and USMS, or any agents and employees of the Government, the DOJ, the SDNY-USAO, the FBI, and the USMS, in connection with or arising out of the seizure,

restraint, and/or constructive possession of any properties listed in the Bill of Particulars-1 and Bill of Particulars-2, and the Remaining Wire Road Proceeds, including, but not limited to, any claim that there was no probable cause to seize or restrain any properties listed in the Bill of Particulars-1 and Bill of Particulars-2, and the Remaining Wire Road Proceeds, that Iris Egan is a prevailing party, or that Iris Egan is entitled to attorney's fees or any award of interest.

7. Iris Egan represents that she is the sole owner of the Released Funds, the 0490 Account, and the 8403 Account, and agrees to hold harmless the Government, the DOJ, the SDNY-USAO, the FBI, and the USMS, and any and all employees, officers, and agents of said entities, from any and all claims arising from any acts, incidents, and/or occurrences in connection with the seizure and/or possession of the Released Funds, the 0490 Account, and the 8403 Account, including but not limited to any third-party claims of ownership of the Released Funds, the 0490 Account, and the 8403 Account.

8. Chris Egan will be allowed to market and sell the 40 Guard Hill Property from the date of entry of this Stipulation and Order up to and including August 15, 2012 (the "Sale Period").

9. In the event that Chris Egan is unable to sell the 40 Guard Hill Road Property during the Sale Period, the

Government may, in its sole discretion, extend the Sale Period for Chris Egan to sell the 40 Guard Hill Property (the "Extended Sale Period").

10. If either during the Sale Period or the Extended Sale Period, Chris Egan sells the 40 Guard Hill Road Property, Chris Egan shall provide $300,000 in United States currency to the Government within seven (7) days after closing.

11. If Chris Egan is unable to sell the 40 Guard Hill Road Property during the Sale Period, or if the Sale Period is extended, the Extended Sale Period, Chris Egan shall provide $300,000 in United States currency to the Government within seven (7) days after the expiration of the Sale Period, or if the period has been extended, the expiration of the Extended Sale Period.

12. The $300,000 in United States Currency (the "40 Guard Hill Proceeds") shall be the substitute res for the 40 Guard Hill Road Property. The 40 Guard Hill Road Proceeds shall be deposited in the United States Marshals Service Seized Assets Deposit Account pending further Order from the Court.

13. If at any juncture, Chris Egan provides the Government with $300,000 in United States currency, in lieu of selling the 40 Guard Hill Road Property, the Government will vacate the Restraining Order as to the 40 Guard Hill Road

Property and the 40 Guard Hill Road Property shall be released from further restraint.

14. Upon release of the 40 Guard Hill Road Property from the Restraining Order, pursuant to the terms of this Stipulation and Order, Chris Egan is hereby barred from asserting, or assisting others in asserting, any claim against the Government, the Department of Justice ("DOJ"), the SDNY-USAO, the Federal Bureau of Investigations ("FBI"), and USMS, or any agents and employees of the Government, the DOJ, the SDNY-USAO, the FBI, and the USMS, in connection with or arising out of the seizure, restraint, and/or constructive possession of the 40 Guard Hill Property, including, but not limited to, any claim that there was no probable cause to seize or restrain the 40 Guard Hill Property, that Chris Egan is a prevailing party, or that Chris Egan is entitled to attorney's fees or any award of interest.

15. Chris Egan represents that he is the sole owner of the 40 Guard Hill Road Property and agrees to hold harmless the Government, the DOJ, the SDNY-USAO, the FBI, and the USMS, and any and all employees, officers, and agents of said entities, from any and all claims arising from any acts, incidents, and/or occurrences in connection with the seizure and/or possession of the 40 Guard Hill Road Property, including but not limited to any

third-party claims of ownership of the 40 Guard Hill Road Property.

16. Each party shall bear its own costs and attorney's fees.

17. This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

18. This Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original and all of which together will constitute one and the same instrument. Signature pages may be transmitted by fax or by electronic file in PDF format, and such signatures shall be deemed equivalent to valid originals.

19. This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

Agreed and consented to:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____    __1/31/12_____
    DAVID I. MILLER                  DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2484

[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

11

IRIS EGAN

By: *[signature]*       2/1/12
IRIS EGAN            DATE

By: *[signature]*      2/1/12
DANIEL L. ZELENKO, ESQ.    DATE
MICHAEL V. BLUMENTHAL, ESQ.
Attorneys for Iris Egan
Crowell & Moring
590 Madison Avenue, 20th Floor
New York, New York 10022
(212) 895-4266/4241

CHRIS EGAN

By: _____      _____
CHRIS EGAN            DATE

By: *[signature]*      2/1/12
DANIEL L. ZELENKO, ESQ.    DATE
MICHAEL V. BLUMENTHAL, ESQ.
Attorneys for Chris Egan
Crowell & Moring
590 Madison Avenue, 20th Floor
New York, New York 10022
(212) 895-4266/4241

SO ORDERED:

_____      _____
HONORABLE JOHN F. KEENAN      DATE
UNITED STATES DISTRICT JUDGE

12

IRIS EGAN

By: _____    _____
    IRIS EGAN                         DATE

By: _____    _____
    DANIEL L. ZELENKO, ESQ.           DATE
    MICHAEL V. BLUMENTHAL, ESQ.
    Attorneys for Iris Egan
    Crowell & Moring
    590 Madison Avenue, 20th Floor
    New York, New York 10022
    (212) 895-4266/4241

CHRIS EGAN

By: */s/ Chris Egan*                  2/1/12
    CHRIS EGAN                        DATE

By: */s/ signature*                   2/1/12
    DANIEL L. ZELENKO, ESQ.           DATE
    MICHAEL V. BLUMENTHAL, ESQ.
    Attorneys for Chris Egan
    Crowell & Moring
    590 Madison Avenue, 20th Floor
    New York, New York 10022
    (212) 895-4266/4241

SO ORDERED:

*/s/ John F. Keenan*                  February 3, 2012
HONORABLE JOHN F. KEENAN              DATE
UNITED STATES DISTRICT JUDGE

12